IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN DALE SHANKLIN, | § | |
| On behalf of JENNIFER ELAINE SISK, | § | |
| SPN 01366584M, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-3904 |
| | § | |
| HARRIS COUNTY, TEXAS, *et al.*, | § | |
| Respondents. | § | |

<u>OPINION ON DISMISSAL</u>

Petitioner Steven Dale Shanklin ("Shanklin") filed this 28 U.S.C. § 2241 petition for writ of habeas corpus on behalf of Jennifer Elaine Sisk ("Sisk"), seeking dismissal of the criminal charge against her, the appointment of new counsel, and the removal of oppressive bond conditions.  (Docket Entry No.1, page 30).  For the reasons to follow, the Court will dismiss this petition without prejudice.

<u>Background</u>

Public records show that Sisk was indicted on a charge of interfering with child custody in the 185th State Criminal District Court of Harris County, Texas in cause number 1254747.[1]  *See Ex parte Sisk*, No.14-10-00870-CR, 2011 WL 1631793 (Tex. App.-Houston [14th Dist.] 2011, pet. ref'd.).  Sisk is presently on bond and awaiting trial on January 17, 2012.[2]  *Id.*  Sisk is represented by retained counsel Michael Angus McDougal.  (Docket Entry No.1, page 5).

---

[1] Office of Harris County District Clerk at
http://www.hcdistrictclerk.com/edocs/public/CaseDetails.aspx?Get=bX++pfmv2YKOJfN   (viewed on 12-13-2011).

[2] *Id.*

1

Public records also show that McDougal filed in state district court a petition for writ of habeas corpus, asserting that the prosecution violated the constitutional provision against double jeopardy. *Ex parte Sisk*, 2011 WL 1631793. The petition was denied by the state district court on September 1, 2010.[3]  On appeal, the Fourteenth Court of Appeals affirmed the denial of the writ in an unpublished memorandum opinion on April 28, 2011. *Id.*  The Texas Court of Criminal Appeals refused Sisk's petition for discretionary review on November 9, 2011. *Id.*

Shanklin claims that he is petitioner's friend and is proceeding as her next friend in state and federal proceedings.  Shanklin indicates that he filed a state habeas application in state district court on October 3, 2011, and filed the present federal habeas petition on November 4, 2011, because retained counsel McDougal has been ineffective in his representation of Sisk.  Shanklin claims that McDougal failed to identify and advocate relief for the constitutional violations that Sisk has suffered[4] and that he withdrew her legally-filed motion to dismiss the indictment before a ruling was entered by the state district court.[5]  (Docket Entry No.1, page 5).  Shanklin maintains that Sisk is not seeking hybrid representation but that she requires his assistance because her attorney has failed to fulfill his duty as an advocate on her behalf.  (*Id*.).  Shanklin does not contend, and public records do not show, that Sisk or McDougal have moved to withdraw McDougal as counsel.

---

[3] http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=bX++pfmv2 (viewed on 12-13-2011).

[4] Shanklin complains that Sisk's rights, *i.e.,* to be free from double jeopardy, to be prosecuted on an indictment returned by a grand jury, and to be accorded due process in the habeas application that he filed on her behalf, have been violated.  (Docket Entry No.1, page 5).

[5] Shanklin indicates that he has not received a response to his request for a habeas hearing from the state district court.  (*Id*.).

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. A lawyer admitted to practice in this Court, is eligible to file an application on behalf of his client. If one is not a lawyer, however, he would not have standing to act on behalf of another with very limited exceptions. For example, one may have standing to file a habeas application as next friend on behalf of an inmate in federal court, if the proposed next friend can show that the real party in interest is unable to litigate his own cause due to mental incapacity. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). The "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate and must have some significant relationship with the real party in interest. *Id.* at 163-64.

In this circuit, the authority of one person to apply for a writ of habeas corpus for the release of another is recognized only when the application for the writ establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would be "next friend." *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978). If the application for habeas corpus filed by a "next friend" does not set forth an adequate reason or explanation of the necessity for resort to the "next friend" device, the court is without jurisdiction to consider the petition. *Id*.

Petitioner Shanklin is not an attorney, is not authorized to represent other individuals before this Court,[6] and has not established that he has a significant

---

[6] The Court's review of petitioner Shanklin's previous filings on Public Access to Court Electronic Records website shows that Shanklin is presently on supervised release from a felony conviction in the United States District Court for the Western District of Texas, Austin Division. *United States v. Shanklin*, Criminal Cause No.1:05cr0064 (W.D. Tex. Dec. 12, 2008). The records also show that the present case is

relationship with Sisk.  Sisk is represented by retained counsel in the state proceedings and is not entitled to file *pro se* briefs in this Court challenging the same proceeding.  *See U.S. v. Ogbonna*, 184 F.3d 447, 449 n.1 (5th Cir. 1999) (no constitutional right to hybrid representation; defendants' acceptance of assistance of counsel waives right to present *pro se* briefs).  Moreover, the petition is premature because the State charge is still pending, Sisk has not been convicted, and she has not exhausted her state remedies.  A federal court should abstain from exercising its jurisdiction when to do so would result in the interference in the course of an ongoing state criminal proceeding except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *See Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994); *Younger v. Harris*, 401 U.S. 37, 43-45 (1971).

For these reasons, the pending action is subject to dismissal.

## CONCLUSION

Accordingly, the Court ORDERS petitioner's federal habeas petition DISMISSED without prejudice.  All pending motions, if any, are DENIED.

The Clerk shall provide the parties with a copy of this Order.

SIGNED at Houston, Texas, this 14th day of December, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

petitioner Shanklin's second attempt to file a federal habeas action pursuant to 28 U.S.C. § 2241 for a state detainee awaiting trial.  *See Shanklin v. Bexar County Sheriff's Dep't*, Civil Action No.SA-10-CA-577-FB (W.D. Tex. July 15, 2010).